UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                        Case No. 22-cv-10568
                                        Honorable Linda V. Parker

FLINT NEUROGOLICAL CENTRE, P.C.,

       Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISTRIBUTE SETTLEMENT FUNDS AND EXTEND CONSENT DECREE PERIOD

This matter was initially assigned to Judge Victoria A. Roberts. Following Judge Roberts's retirement from the bench, this matter was reassigned to Judge Linda V. Parker on April 10, 2025.

On March 17, 2022, the United States ("Plaintiff") filed this action, alleging that Flint Neurological Centre, P.C. ("Defendant") engaged in a pattern or practice of discrimination against individuals who are deaf or hard of hearing in violation of Title III of the Americans with Disabilities Act. (ECF No.1.) The Parties submitted a proposed Consent Decree to the Court on June 13, 2023, and Judge Roberts signed it on June 20, 2023. (ECF No. 20 at PageID.141.) As part of the Consent Decree, Defendant agreed to pay $150,000.00 in monetary damages to ten identified victims, establish a second settlement fund of $40,000 for later-identified

victims ("Settlement Fund"), and comply with several supervisory provisions related to submitting compliance reports, posting notices, and other obligations. (ECF No. 20 at PageID.131; *see generally*, ECF No. 20.) The period of the Consent Decree was set for a term of three years, ending on June 20, 2026. (ECF No. 20 at PageID.139.) Presently before the Court is Plaintiff's Motion for Distribution of Settlement Funds and to Enforce the Parties' Consent Decree ("Motion"). (ECF No. 21.) The Motion has been fully briefed. (ECF Nos. 21, 22 & 23.)

## Background

In its Motion, Plaintiff requests that the Court enter an order (1) directing the distribution of funds from the $40,000 Settlement Fund in the manner proposed by Plaintiff, and (2) extending the Consent Decree period due to Defendant's alleged non-compliance. (ECF No. 21 at PageID.160-61.) The relevant provisions of the Consent Decree are as follows:

(1) Paragraph 29 ("Notice of Consent Decree and Settlement Fund");

(2) Paragraph 33 ("Compliance Reports");

(3) Paragraph 36 ("Compensation for Aggrieved Persons Fund").

(ECF No. 20 at PageID.127-135.)

First, Paragraph 29 ("Notice of Consent Decree and Settlement Fund") requires Defendant to "post and maintain signs of conspicuous size and print at all

[of] Defendant's medical office **waiting areas**, on its website, and wherever a Patient's Bill of Rights is required by law to be posted, the Notice of Consent Decree and Settlement Fund[.]  (ECF No. 20 at PageID.127.)  The provision also requires Defendant to keep all Notices posted for one year from the Effective Date.  (*Id.*)  Plaintiff alleges that Defendant has failed to comply with the requirements in Paragraph 29, as Defendant did not post the Notice in its waiting area, instead posting it "down a hallway near the restroom."  (ECF No. 21 at 157.)  This assertion was corroborated by pictures contained in the fourth exhibit attached to Plaintiff's Motion.  (ECF No. 21-4 at PageID.165.)  In its Response, Defendant argues that it has "substantially complied" with the Consent Decree and "posted signs . . . in places where patients would see the [N]otice."  (ECF No. 22 at 173.)

Second, Paragraph 33 ("Compliance Reports") requires Defendant to provide written compliance reports to the U.S. Attorney's Office every three months for the duration of the Consent Decree.  (ECF No. 20 at PageID.129-130.)  Plaintiff alleges that Defendant has failed to satisfy this requirement because Defendant submitted only four out of seven required reports[1].  (ECF No. 21 at PageID.157.)  In response, Defendant argues that it has not acted in bad faith by failing to submit the required reports.  (ECF No. 22 at PageID.174.)  Defendant instead suggests that some of its employees had a mistaken belief that reports did

---

[1] This was Defendant's status of compliance on the date of Plaintiff's Motion (April 9, 2025).

not need to be provided if they did not receive new patient complaints. (*Id.*)

Finally, Paragraph 36 ("Compensation for Aggrieved Person's Fund") requires Defendant to deposit forty thousand dollars ($40,000.00) in an interest-bearing escrow account ("Settlement Fund") to compensate victims who could not be identified before the Consent Decree was entered and consequently did not share in the $150,000 settlement. (ECF No. 20 at PageID.132; ECF No. 21 at PageID.155.) Paragraph 36, Section (d) of the Consent Decree states that Plaintiff has one (1) year to identify additional victims who were entitled to relief through the Settlement Fund. (ECF No. 20 at PageID.133.) On June 20, 2024, within the 1-year deadline, Plaintiff sent an email to Defendant identifying new individuals with proposed award amounts.[2] (ECF Nos. 21 at PageID.156; ECF No. 21-2 at PageID.163.)

Defendant responded via email suggesting that Plaintiff's identified victims had either very few medical visits with Defendant or were only serviced as patients several years before the Consent Decree. (ECF No. 21-3.) Ultimately, Defendant alleges that the proposed award amounts are arbitrary, and that Plaintiff is only attempting to deplete the remaining $40,000 in the Settlement Fund. (ECF No. 22

---

[2] Plaintiff initially identified five aggrieved persons (Linda Galentine, Cynthia Healey, Lyle Healey, Susan Smith, and Kimberly Virtue) but noted in its Reply that it mistakenly included Lyle Healey in the list. (ECF No. 23 at PageID.180.) He was once an identified person but filed a claim against Defendant with the Michigan Department of Civil Rights and has since been compensated. *Id.* Plaintiff increased Linda Galentine's award after removing Lyle Healey from the list. (*Id.* at PageID.181-82.)

at PageID.172.)

Plaintiff rejects this argument and maintains that the award amounts are reasonable, as they reflect the frequency of visits or attempted visits to Defendant. (ECF No. 23 at PageID.178-182.)  Plaintiff learned this information through interviews with each victim and its claims were corroborated by medical records produced by Defendant.  (ECF No. 23 at PageID.179; *Id.* at PageID.181, n.2.) Importantly, Paragraph 36 states that, within fourteen (14) days of receiving the new list, Defendant could review Plaintiff's determinations and "provide . . . any documents or information that they believe may refute the claims."  (ECF No. 20 at PageID.133.)  As of the date of Plaintiff's Reply, April 23, 2025, Plaintiff claims that Defendant produced no such documentation or information.  (ECF No. 23 at PageID.178.)

## Discussion

The Court will first address Plaintiff's request to extend the Consent Decree period.  It will then address the Parties' concerns related to the distribution of the Settlement Fund.

<u>Extension of the Consent Decree Period</u>

The Court finds that an extension of the Consent Decree period is warranted. Defendant argues that the period should not be extended because Defendant has "substantially complied" with its obligations under the Consent Decree.  However,

the Consent Decree does not call for substantial compliance; rather, full compliance is required.  Defendant agreed to these terms in exchange for benefits, including saving time and resources that would otherwise be spent on litigation, as well as Dr. Tarakji's dismissal from the matter upon Defendant's fulfillment of its obligations.  As such, Defendant must fully comply with the agreed-upon provisions of the Consent Decree, and an extension of the period is necessary to both address Defendant's non-compliance and to allow sufficient time for Defendant to fulfill its obligations.

Therefore, the Consent Decree period will be extended by twelve (12) months.  Three (3) months will be added for Defendant's non-compliance with Paragraph 29 by failing to post the Notice in its waiting room, and nine (9) months will be added to the term to address Defendant's non-compliance with Paragraph 33, which requires Defendant to submit three compliance reports every three months.  This totals to a 1-year extension of the Consent Decree period.

Distribute Settlement Funds

Plaintiff has proposed the following awards to four identified individuals: Linda Galentine ($15,000); Cynthia Healey ($5,000); Susan Smith ($7,000); Kimberly Virtue ($13,000).  Defendant's primary arguments against the distribution include that the awards are arbitrary because: (1) Linda Galentine had a single visit with Defendant in 2023 and was provided an interpreter; (2) Cynthia

Healey is not registered as a patient with Defendant; and (3) Susan Smith and Kimberly Virtue were seen several years prior to the Consent Decree. These arguments are either unpersuasive or have been refuted.

First, Linda Galentine's medical records demonstrate that she had three additional appointments with Defendants between 2020 and 2022 before her 2023 appointment. (ECF No. 23 at PageID.180; ECF No. 23-1 at PageID.192, 194-95.) Ms. Galentine expressed in her interview that she was not provided an interpreter on several occasions. (ECF No. 23 at PageID.179.)

Second, Cynthia Healey is the companion of a previously identified victim, Lyle Healey, and accompanied him during his appointment. As a deaf person, Ms. Healey is entitled to the same accommodations and privileges as required by the Consent Decree and the ADA. Notably, Defendant's previous $150,000 settlement included awards to companions. Indeed, the provision of the Consent Decree that governed Defendant's $150,000 award, Paragraph 35, is titled "Compensation for Complainants and their Companions." (ECF No. 20 at PageID.131.)

Finally, Susan Smith and Kimberly Virtue's medical records indicate that they visited Defendant more than once, and their interviews revealed that they were denied interpreter services at least once. (ECF No. 23 at 180-81; ECF No. 23-1 at PageID.197.) Smith expressed that she "attempted to visit Defendant three times, but her visits were canceled due to an interpreter not being scheduled."

(ECF No. 23 at PageID.180.)  Virtue visited Defendant twice in 2020, and, on another occasion, traveled to an appointment only to learn that an interpreter had not been scheduled. (*Id.* at PageID.180-81; ECF No. 23-1 at PageID.185-86.)

Therefore, after considering the Parties' arguments, the victims' medical records, and the information provided in the interviews, the Court finds that the award amounts are reasonable and should be distributed.

Accordingly,

**IT IS ORDERED** that, due to Defendant's noncompliance with the provisions set forth in the Consent Decree, the period of the Consent Decree shall be extended for a 1-year period.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Distribution of Settlement Funds (ECF No. 21) is **GRANTED** and shall distributed in the manner proposed by Plaintiff.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 17, 2025